UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**SHERRILL A. HENNELLY**,

Debtor.

Case No. **06-60463-13**

## *MEMORANDUM of DECISION*

At Butte in said District this 7th day of November, 2007.

In this Chapter 13 bankruptcy, after due notice, a hearing was held November 6, 2007, in Butte on the Application for Professional Fees and Costs filed by R. Clifton Caughron ("Caughron") of Debt Relief Law, PLLC, of Helena, Montana, on September 11, 2007, together with the Chapter 13 Trustee's Objection thereto.  Caughron appeared at the hearing in support of the Application and the Chapter 13 Trustee, Robert G. Drummond, of Great Falls, Montana, appeared at the hearing in opposition to approval of the Application.  The Court heard statements from Caughron and the Trustee, but no testimony or exhibits were offered at the hearing.  The Court ruled at the hearing that it would award Caughron total fees of $1,750.00.  This Memorandum of Decision memorializes, and to a limited extent amends, the Court's oral ruling and sets forth the Court's findings of fact and conclusions of law.

Caughron filed the instant Application on September 11, 2007, seeking an award of fees in the amount of $6,340.48, less fees of $2,100.00 paid by the Trustee and Debtor.  Caughron

1

also seeks costs in the amount of $526.24, less costs of $450.00 paid by retainer.  The Trustee filed his Objection to Caughron's Application on September 14, 2007, and noticed the matter for hearing.  The basis for the Trustee's Objection is that Debtor's "Plan is insufficiently funded to pay the requested fees and still pay $600.00 to the class of general unsecured creditors as provided for under Paragraph 2(f) of the confirmed Plan."

Debtor's case was commenced under Chapter 13 of the Bankruptcy Code on June 20, 2006.  Attorney Stephen R. McCue ("McCue"), formerly of Debt Relief Law, PLLC, filed a Disclosure of Compensation on July 17, 2006, which Disclosure reads in part:

1.

\* \* \*

> For legal services, I have agreed to accept payment of fees and costs to be paid as follows:  Attorney fees @ $195.00 per hour; Associate Attorney fees @ $150.00 per hour; and Paralegal fees @ $90.00 per hour.  Costs may billed as actual expenses for phone and postage.  Mileage is billed at 48½ cents per mile and copies are billed at 10 cents per copy.  The Debtor has agreed to pay fees of $1,750.00[1] as an administrative expense of the Chapter 13 case, of which $600.00 has been paid.  These funds will be applied to payment of the Chapter 13 fees, and, in most cases, no further request for fees or costs will be made.  If necessary, Debtor ha[s] agreed that I may file an additional Application for Compensation if hourly fees earned by me exceed the amount stated above.

2. Debtor has paid a retainer of $800 for costs, from which the filing fee of $189.00 has been paid.

\* \* \*

6. In return of the above-disclosed fees, I have agreed to render legal service

---

[1] Mont. LBR 2016-1(b) provides for presumed reasonable fees in a chapter 13 case up to $1,750.00, and if the fees do not exceed that amount no application for such fees will be required and no order authorizing such fees shall be necessary.  The presumed reasonable fees are also commonly referred to as "no look" fees.

2

        for all aspects of the bankruptcy case, including:

        a. Preparation of and filing of any petition, schedules, statement of affairs and plan which may be required;
        b. Representation of the Debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
        c. Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of agreements and applications as needed; preparation and filing of motions pursuant to 11 U.S.C. [§] 522(f)(2)(A) for avoidance of liens on household goods.
        d. All other work reasonably necessary to assist the Debtor in achieving confirmation of the Chapter 13 Plan.

    7. By agreement with the Debtor, the above-disclosed fee does not include the following services absent further agreement:

        a. Any actions taken by or against the Debtor after confirmation of their Chapter 13 Plan.
        b. Any adversarial actions brought by creditors or the Debtor during the pendency of the case.

The above Disclosure of Compensation of Attorney for Debtor was signed and filed by McCue.

    The Court has reviewed the docket in this case and nothing appears to be out of the ordinary. Debtor's bankruptcy petition was filed and Debtor filed a request for an extension of time to file Schedules I and J, statement of financial affairs and Chapter 13 plan. Debtor had to defend, prior to confirmation, a motion to dismiss by the Trustee for Debtor's failure to file all tax returns. In responding to various objections to confirmation, Debtor filed three amended Chapter 13 plans and Debtor's Third Amended Chapter 13 Plan filed September 28, 2006, was confirmed by Order entered October 3, 2006. No adversary proceedings associated with this case were filed.

    Debtors' Third Amended Chapter 13 Plan provides in paragraph 2(a) that "the Trustee shall pay those claims, fees or charges specified in 11 U.S.C. [§] 507(a)(1), including the

Debtor's attorney fees of $1,150.00, plus costs and additional fees in such amounts as may be allowed by the Court[.]" The liquidation analysis set forth in paragraph 2(f) of Debtor's Third Amended Chapter 13 Plan provides that the total distributed to priority and unsecured creditors "will be at least $600.00". The Trustee noted at the hearing that Debtor's Third Amended Chapter 13 Plan provides for total funding of $24,349.76. Secured creditors will receive $18,067.16 through Debtor's Third Amended Chapter 13 Plan, which amount includes interest. The Trustee's fee is calculated at $2,434.97. If one adds the foregoing amounts with the amount to be distributed to priority and unsecured creditors, the total funds left to pay Debtor's attorney are only $3,247.63.

In response to the Trustee's feasibility argument, Caughron urged the Court to approve the fees and let Caughron collect any unpaid fees after completion of Debtor's plan. In the alternative, Caughron proposed filing yet another amended Chapter 13 plan to cover Caughron's fee request. Although Caughron stated at the hearing that he has not been successful in contacting Debtor, Caughron indicated that, following the hearing, he planned on driving around to see if he could find Debtor's home, presumably to see if he could persuade Debtor to sign a fourth amended Chapter 13 plan. The Court is not receptive to either of Caughron's proposals.

Nowhere in the record is there any disclosure by Caughron, or McCue for that matter, that the fees in this case would exceed the amount set forth in the Disclosure of Compensation of Attorney for Debtor filed July 17, 2006, or the Third Amended Chapter 13 Plan filed September 28, 2006, wherein fees were estimated at $1,150.00. In a case not unlike the instant case, this Court wrote:

4

Applicant filed a Third Amended Chapter 13 plan dated July 27, 1998, which contained the following provision:

> In advance of all other claims, the Trustee shall pay those claims, fees, or charges specified in 11 U.S.C. § 507(a)(1), including the Debtors' attorney fees of $1,000.00 less $575.00 received from the Debtors prior to the filing, plus costs and additional fees in such amount as may be allowed by the Court... .

That plan was confirmed by the Court on August 21, 1998.

The Court takes such a provision to mean that as of July 27, 1998, Applicant had provided services to Debtors in the approximate sum of $1,000.00. While Applicant did not sign the Third Amended Chapter 13 plan, he certainly cannot deny that he prepared it or that he filed it with the Court.[2] As Applicant is well aware, both the Court and the Trustee would assume that the fees incurred as of the date of the plan were in the neighborhood of $1,000.00 and would use such figure as a basis for calculating the feasibility of Debtors' plan. Knowing the importance of this figure, Applicant nevertheless proceeded to mislead the Court and the Trustee by failing to include the actual fees incurred as of July 23, 1998, in the sum of $4,033.50. Furthermore, as of the date of the Third Amended Chapter 13 plan, Applicant had incurred costs of $300.92. In all, Caughron included less than a quarter of the total fees and costs that had been incurred at the time the Third Amended Chapter 13 plan was filed.

Such a gross understatement of fees can have a drastic impact on the confirmation of debtors' plans, and this Court will not tolerate this type of misrepresentation.

---

[2] Material misrepresentations with regard to any provision in a Chapter 13 plan could subject either the attorney or the proponent of the plan to sanctions under Bankruptcy Rule 9011 which reads:

By representing to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery

5

*In re Townsend*, 17 Mont. B.R. 141, 143-44 (Bankr. D. Mont. 1998).

In this case, attorney McCue and paralegal Carolyn Hamilton had incurred all but $366.34 of the total fees of $6,340.48 requested by Caughron on or prior to the date Debtor's Third Amended Chapter 13 Plan was filed on September 28, 2006. Caughron's failure to disclose – to this Court, the Chapter 13 Trustee and other parties-in-interest – that the fees exceeded the amount disclosed in the record by $4,590.48 was a material misrepresentation that, as reflected in the trustee's recent objection, impacts the feasibility of Debtor's confirmed chapter 13 Plan. As noted by this Court in *Townsend*, such a gross understatement of fees simply will not be tolerated.

Additionally, 11 U.S.C. § 329 provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –

(1) the estate, if the property transferred-

   (A) would have been property of the estate; or

   (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

Section 329 is implemented by F.R.B.P. 2016. Rule 2016(b) provides, in pertinent part,

the following:

> (b) *Disclosure of Compensation Paid or Promised to Attorney for Debtor.* Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity.... A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

The Disclosure of Compensation of Attorney for Debtor was not supplemented in this case, even though the fees incurred far exceeded the fees disclosed. The Ninth Circuit panel in *In re Park-Helena Corp.*, 63 F.3d 887, 880-81 (9th Cir. 1995), concluded:

> To facilitate the court's policing responsibilities, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure impose several disclosure requirements on attorneys who seek to represent a debtor and who seek to recover fees. *See* 11 U.S.C. § 329; Fed.R.Bankr.P. 2014 & 2016. The disclosure rules impose upon attorneys an independent responsibility. Thus, failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule. *In re Film Ventures Int'l,* 75 B.R. at 252.
>
> \* \* \*
>
> A fee applicant must disclose "the precise nature of the fee arrangement," and not simply identify the ultimate owner of the funds. *See In re Glenn Elec. Sales Corp.,* 99 B.R. 596, 600 (D.N.J.1988); *see also In re Bob's Supermarket's, Inc.,* 146 B.R. 20, 25 (Bankr.D.Mont.1992) ( " '[D]ebtor's counsel [must] lay bare all its dealings ... regarding compensation.... Counsel's fee revelations must be direct and comprehensive. Coy, or incomplete disclosures ... are not sufficient.' ") (quoting *In re Saturley,* 131 B.R. 509, 516-17 (Bankr.D.Me.1991)), *aff'd in part and rev'd in part,* 165 B.R. 339 (9th Cir. BAP 1993); *In re Plaza Hotel Corp.,* 111 B.R. 882, 883 (Bankr.E.D.Cal.) ("the duty is one of complete disclosure of *all facts* ") (emphasis added), *aff'd,* 123 B.R. 466 (9th Cir. BAP 1990); *In re B.E.S. Concrete Prods., Inc.,* 93 B.R. 228, 237 (Bankr.E.D.Cal.1988) ("The burden is on the person to be employed to come forward and make *full, candid, and complete disclosure.*") (emphasis added).
>
> The disclosure rules are applied literally, even if the results are sometimes

harsh. *See In re Plaza Hotel,* 111 B.R. at 883. Negligent or inadvertent omissions "do not vitiate the failure to disclose." *In re Maui 14K, Ltd.,* 133 B.R. 657, 660 (Bankr.D.Haw.1991); *In re Coastal Equities, Inc.,* 39 B.R. 304, 308 (Bankr.S.D.Cal.1984). Similarly, a disclosure violation may result in sanctions "regardless of actual harm to the estate." *In re Maui 14K,* 133 B.R. at 660.

The Court is given the inherent authority over Debtor's attorney's compensation to approve or deny fees and costs, in whole or in part, if a violation of disclosure occurs. *See In re Lewis*, 113 F.3d at 1045; and *In re Buckner* 350 B.R. 874, 878 (Bankr. D. Idaho 2005). The panel in *Lewis* stated:

> Although we did not explicitly so recognize in *In re Park-Helena,* the bankruptcy court's authority to deny completely these attorney's fees was grounded in the inherent authority over the debtor's attorney's compensation. The Bankruptcy Code contains a number of provisions (e.g., §§ 327, 329, 330, 331) designed to protect the debtor from the debtor's attorney. *See, e.g., In re Walters,* 868 F.2d 665, 668 (4th Cir.1989) (noting that § 329 and Rule 2017 are designed to protect the creditors and the debtor against overreaching by attorney). As a result, several courts have recognized that the bankruptcy court has broad and inherent authority to deny any and all compensation when an attorney fails to meet the requirements of these provisions. *See, e.g., In re Downs,* 103 F.3d 472, 479 (6th Cir.1996) ("[T]he bankruptcy court should deny all compensation to an attorney who exhibits a willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Rule 2016. The authority to do so is inherent, and in the face of such infractions should be wielded forcefully."); *Matter of Prudhomme,* 43 F.3d 1000, 1003 (5th Cir.1995) ("Additionally, the court's broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure."); *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 575 (Bankr.N.D.Tex.1986) ("Indeed, a failure of counsel to obey the mandate of § 329 and Rule 2016 concerning disclosure, and by implication review by the Court, is a basis for entry of an order denying compensation and requiring the return of sums already paid.").

The Court concludes that McCue and Caughron violated the duty to disclose by failing to inform the Court and the Trustee of the accrued fees at the time of confirmation by failing to accurately disclose the accrued fees in the proposed plan and by failing to file a supplement to the

8

original disclosure statement. At the hearing, Caughron had no explanation as to why the fees and costs were not accurately reflected in Debtor's Third Amended Chapter 13 Plan. While the Court might be more sympathetic if this was an isolated incident, the Court reminded Caughron that this is not the first, second or third time that Caughron, or someone in his law firm, has failed to accurately list accrued fees in a Chapter 13 plan. When the Court indicated its intent to allow Caughron total fees of $1,750.00, in accordance with the Disclosure of Compensation of Attorney for Debtor, Caughron countered that he should at least be awarded $3,247.63. The Court proceeded to remind Caughron that this was not a negotiation session.

As expressed at the hearing, the Court was inclined to award Caughron total fees of $1,750.00. However, when the Court began drafting this Memorandum of Decision, the Court discovered that Caughron has already received fees of $2,100.00 – Caughron admits in the Application that he has received $950.00 from Debtor and $1,150.00 from the Trustee -- together with costs of $450.00. Even though the Court concludes, based upon Caughron's and/or McCue's violation of disclosure, that it could disallow all fees in this case through its inherent authority, the Court exercises its discretion and allows the fees and costs already paid to Caughron, McCue and/or Debt Relief Law, PLLC, by Debtor and the Trustee, but disallows any unpaid fees and costs.

In accordance with the foregoing and substantially consistent with the ruling made by the undersigned at the hearing held November 6, 2007, a separate order will be entered providing as follows:

IT IS ORDERED that the Application for Professional Fees and Costs filed by Caughron on September 11, 2007, is approved in part and denied in part; and R. Clifton Caughron, Stephen

9

R. McCue and Debt Relief Law, PLLC are awarded total fees and costs of $2,550.00, which amount, according to the Application, has previously been paid either by the Debtor or by the Chapter 13 Trustee; and that no other fees and costs shall be allowed or paid by the Trustee or the Debtor.

                                                BY THE COURT

                                                */s/ Ralph B. Kirscher*
                                                HON. RALPH B. KIRSCHER
                                                U.S. Bankruptcy Judge
                                                United States Bankruptcy Court
                                                District of Montana